## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TERESA MATTHEWS and    :
REGINALD MATTHEWS,    :
c/o Whitfield Bryson & Mason LLP  :
5101 Wisconsin Avenue NW, Suite 305 :
Washington, D.C. 20016,    :
Individually and on Behalf of a Class :
of Persons Similarly Situated,   :
            : **Civil Action No.** 2020 CA 000284 B
   Plaintiffs,     :
            :
  v.        :
            :
THE DISTRICT OF COLUMBIA  :
c/o Karl A. Racine, Office of the Attorney :
General for the District of Columbia :
441 4th Street NW, Suite 1110 South :
Washington, D.C. 20001    :
            :
and          :
            :
MURIEL BOWSER, Mayor of the District :
of Columbia (in her official capacity), :
1350 Pennsylvania Avenue, 4th Floor :
Washington, D.C. 20004,    :
            :
   Defendants.    :
            :

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiffs Teresa Matthews and Reginald Matthews ("Plaintiffs"), individually and on behalf of other similarly situated individuals, by and through their undersigned attorneys, file this Class Action Complaint against the District of Columbia and Muriel Bowser, Mayor of the District of Columbia (in her official capacity) (collectively "Defendants"), and allege the following based on personal knowledge, the investigation of counsel, and information and belief.

## NATURE OF THE ACTION

1.      This action arises from the unlawful and unconstitutional use of the Automated Traffic Enforcement ("ATE") System as a purported means of enforcing District of Columbia traffic regulations and statutes. Defendants knowingly and intentionally use the ATE speed camera located on Interstate 295 in Washington, D.C. ("DC 295"), 0.4 miles south of Pennsylvania Avenue SE headed southwest-bound, to raise millions of dollars of revenue, by doubling the civil fines for a work zone that does not exist or that is improperly marked. Plaintiffs assert claims for unjust enrichment, monies had and received, violations of 42 U.S.C. § 1983 (violations of the 8th and 14th Amendments of the United States Constitution), and for declaratory judgment and injunctive relief.

## JURISDICTION AND VENUE

2.      According to the mandate established in D.C. Code § 11-921(a)(6), this Court has jurisdiction to hear this matter.

3.      Venue is appropriate, because the incidents described in this complaint took place in the District of Columbia.

## IDENTIFICATION OF PARTIES

4.      Plaintiff Teresa Matthews is a citizen and resident of the State of Maryland, currently residing at 1108 Mornington Place, Capital Heights, MD, 20743.

5.      Plaintiff  Reginald Matthews is a citizen and resident of the District of Columbia, currently residing at 1400 Congress Place SE, #102, Washington, D.C., 20020.

6.      Defendant The District of Columbia is a sovereign municipality.

7.    Defendant Mayor Muriel Bowser serves as chief executive officer of the District of Columbia municipality, and the Named Plaintiffs sue Mayor Bowser in her official capacity for civil rights violations committed under color of law by the District of Columbia with its ATE.

## FACTUAL BACKGROUND

8.    In 1996, the D.C. City Council authorized the use of an automated traffic enforcement ("ATE") system. These statutes were codified by D.C. Code §§ 50–2209.01-50.2209.04 & 50.2209.11 (2001), and implemented through regulations by D.C. Mun. Regs. tit. 18, § 1035 (2001 & 2010). D.C. Code § 50–2209.01 (2001) provides:

(a)    The Mayor is authorized to use an automated traffic enforcement system to detect moving infractions. Violations detected by an automated traffic enforcement system shall constitute moving violations. Proof of an infraction may be evidenced by information obtained through the use of an automated traffic enforcement system. For the purposes of this subchapter, the term "automated traffic enforcement system" means equipment that takes a film or digital camera-based photograph which is linked with a violation detection system that synchronizes the taking of a photograph with the occurrence of a traffic infraction.

(b)    Recorded images taken by an automated traffic enforcement system are prima facie evidence of an infraction and may be submitted without authentication.

9.    "When a violation is detected by an automated traffic enforcement system, the Mayor shall mail a summons and a notice of infraction to the name and address of the registered owner of the vehicle on file with the [DMV]...." D.C. Code § 50–2209.02(b).

10.    In the District of Columbia Traffic Act of 1925, which is the statute governing the employment of ATE systems, a "Work zone" is defined as:

"the area of a highway or roadway that is affected by construction, maintenance, or utility work activities, including the area delineated by and within all traffic control devices erected or installed to guide vehicular, pedestrian, and bicycle traffic."

D.C. Code § 50-2201.02(20).

11.     The D.C. Code goes on to permit doubling of civil fines for infractions committed within a work zone, but requires D.C. to implement mandatory signage:

(a)     For any motor vehicle moving infraction, as defined in Chapter 26 of Title 18 of the District of Columbia Municipal Regulations, committed by the driver within a work zone, the civil fine shall be double the amount otherwise prescribed and, in a criminal infraction case, the fine shall be one category higher than the penalty prescribed by law.

(b)     Signs or notices shall be affixed at the point of ingress of constriction or work zones alerting drivers of doubled fines and increased penalties for moving infractions within the zone.

D.C. Code § 50-2201.04c.

12.     The plain language of the applicable sections of the D.C. Code (D.C. Code §§ 50-2201.02 & 50-2201.04c) limits D.C.'s doubling of the civil fines to infractions recorded by ATE in an "area of a highway or roadway that is affected by construction, maintenance, or utility work activities," and where there are "signs or notices . . . affixed at the point of ingress of construction or work zones alerting drivers of doubled fines and increased penalties for moving infractions within the zone."

## FACTS PERTINENT TO TERESA MATTHEWS

13.     On November 8, 2019 at 11:56 AM, Plaintiff Teresa Matthews was traveling on DC 295 0.4 miles south of Pennsylvania Avenue SE headed southwest-bound in her Cadillac Crossover SUV bearing the license plate number of MD 9BZ0077.

14.     At or near that location on DC 295, the posted speed limit is fifty (50) miles per hour (mph).

15.     At or around the same time, Plaintiff Teresa Matthews was traveling fifty-two (52) mph in her Cadillac Crossover SUV.

4

16.     At or near the same location on DC 295, Defendants installed a speed camera as part of their ATE system.

17.     At or near that same location on DC 295, Defendants installed a single small sign denoting a work zone that construed the speed limit in that area as dropping from fifty (50) mph to forty (40) mph, and calibrated the ATE speed camera to register infractions for speeds in excess of forty (40) mph. Below is an actual picture of the forty (40) mph work zone sign on DC 295:



18.     At the time Plaintiff Teresa Matthews was traveling through the purported work zone, there was only this single sign, not multiple signs or notices.

19.     Another picture of the forty (40) mph sign shows it is very difficult to see from the middle and far left lanes. Therefore, drivers are not alerted to the sudden drop in speed limit and doubling of fines for speeding.



20.     At the time Plaintiff Teresa Matthews was traveling through the purported work zone, the area of the highway or roadway was not affected by any construction, maintenance, and/or utility work activity.

21.     Based upon Plaintiff's personal experience driving through that same stretch of highway or roadway, upon published reports in the media, and upon information and belief, that area of the highway or roadway has not been affected by any construction, maintenance, and/or utility work activity for various months, possibly for years, and perhaps not ever.

22.      Plaintiff has never observed any construction, maintenance, and/or utility work in that area at any time, despite traversing that area on an almost daily basis for the past five (5) years.

23.     At the location and time identified in the preceding paragraphs, Defendants' speed camera registered a speeding infraction against Plaintiff Teresa Matthews for traveling fifty-two

(52) mph in a forty (40) mph work zone. A copy of the resulting citation issued on November 19, 2019 is attached to this Complaint as **Exhibit A.**

24.     Because the Defendants had construed this area to be a valid work zone (despite the absence of any construction, maintenance, and/or utility work and despite the single non-conforming sign), the civil fine assessed against Plaintiff Teresa Matthews was doubled from $100 to $200.

25.     The citation also threatened to double the fine again to $400 if Plaintiff Teresa Matthews did not pay within thirty (30) days of the issuance of the citation (*i.e.*, by December 19, 2019).

26.     The citation further informed Plaintiff Teresa Matthews that failure to pay the doubled civil fine would be deemed an admission of liability that "will result in additional penalties" and the loss of right to a hearing.

27.     The citation went on to state that the failure to pay the doubled civil fine would cause a hold to be placed on the renewal of vehicle registration for vehicles registered in the District of Columbia and that this hold would continue "as long as the ticket is unpaid."

28.     The citation also informed Plaintiff Teresa Matthews that her vehicle might be immobilized or impounded if she had two or more unpaid tickets.

29.     Faced with all these dire consequences, Plaintiff Teresa Matthews paid the doubled civil fine of $200 on December 19, 2019. A copy of the electronic confirmation of payment is attached to this Complaint as **Exhibit B.**

30.     The doubled civil fine was unlawful and unconstitutional, in that: A) no ticket should have been issued for traveling fifty-two (52) mph in a fifty (50) mph area; B) this area on DC 295 does not constitute a work zone as defined in the D.C. Code, and; C) the alleged work

zone was not established in accordance with the mandatory requirements of the D.C. Code, in that it lacked multiple signs or notices.

31.     As a consequence of paying the unlawful and unconstitutional doubled civil fine of $200, both Plaintiffs (who are husband and wife) sustained monetary damages in the amount of $200.

## FACTS PERTINENT TO REGINALD MATTHEWS

32.     On November 8, 2019 at 10:43 AM, Plaintiff Reginald Matthews was traveling on DC 295 0.4 miles south of Pennsylvania Avenue SE headed southwest-bound in his Audi bearing the D.C. license plate of BIGMITN.

33.     At or near that location on DC 295, the posted speed limit is fifty (50) miles per hour (mph).

34.     At or around the same time, Plaintiff Reginald Matthews was traveling fifty-five (55) mph in his Audi.

35.     At or near the same location on DC 295, Defendants installed a speed camera as part of their ATE system.

36.     At or near that same location on DC 295, Defendants installed a single small sign denoting a work zone that construed the speed limit in that area as dropping from fifty (50) mph to forty (40) mph, and calibrated the ATE speed camera to register infractions for speeds in excess of forty (40) mph.

37.     At the time Plaintiff Reginald Matthews was traveling through the purported work zone, there was only a single sign, not multiple signs or notices.

38.     At the time Plaintiff Reginald Matthews was traveling through the purported work zone, the area of the highway or roadway was not affected by any construction, maintenance, and/or utility work activity.

39.     Based upon Plaintiff's personal experience driving through that same stretch of highway or roadway, upon published reports in the media, and upon information and belief, that area of the highway or roadway has not been affected by any construction, maintenance, and/or utility work activity for various months, possibly for years, and perhaps not ever.

40.      Plaintiff has never observed any construction, maintenance, and/or utility work in that area at any time, despite traversing that area on an almost daily basis for the past five (5) years.

41.     At the location and time identified in the preceding paragraphs, Defendants' speed camera registered a speeding infraction against Plaintiff Reginald Matthews for traveling fifty-five (55) mph in a forty (40) mph work zone. A copy of the resulting citation issued on November 14, 2019 is attached to this Complaint as **Exhibit C.**

42.     Because the Defendants had construed this area to be a valid work zone (despite the absence of any construction, maintenance, and/or utility work activity and despite the single non-conforming sign), the civil fine assessed against Plaintiff Reginald Matthews was doubled from $100 to $200.

43.     The citation also threatened to double the fine again to $400 if Plaintiff Reginald Matthews did not pay within thirty (30) days of the issuance of the citation (*i.e.*, by December 14, 2019).

44.     The citation further informed Plaintiff Reginald Matthews that failure to pay the doubled civil fine would be deemed an admission of liability that "will result in additional penalties" and the loss of right to a hearing.

45.     The citation went on to state that the failure to pay the doubled civil fine would cause a hold to be placed on the renewal of vehicle registration for vehicles registered in the District of Columbia and that this hold would continue "as long as the ticket is unpaid."

46.     The citation also informed Plaintiff Reginald Matthews that his vehicle might be immobilized or impounded if he had two or more unpaid tickets.

47.     The doubled civil fine was unlawful and unconstitutional, in that: A) no ticket should have been issued for traveling fifty-five (55) mph in a fifty (50) mph area; B) this area on DC 295 does not constitute a work zone as defined in the D.C. Code, and; C) the alleged work zone was not established in accordance with the mandatory requirements of the D.C. Code, in that it lacked multiple signs or notices.

48.     As a direct and proximate consequence of the unlawful and unconstitutional ATE notice of violation, Plaintiff Reginald Matthews was damaged, in that he was forced to expend substantial time and endure substantial inconvenience fighting this citation (which was ultimately dismissed by a D.C. hearing officer).

## CLASS ACTION ALLEGATIONS

49.     Pursuant to D.C. Super. Ct. R. Civ. P. 23, Plaintiffs bring this action against Defendants as a class action on behalf of themselves and all members of the following defined class of similarly situated persons (the "Class" or "Class Members"):

> "All persons who were issued a speeding violation by the Automated Ticketing Enforcement ("ATE") System located on DC 295 0.4 miles south of Pennsylvania Avenue SE headed southwest-bound where the civil fine was doubled."

50.     Plaintiffs reserve the right to amend the above definition(s), and/or to propose other or additional classes, in subsequent pleadings and/or motions for class certification.

51.     Excluded from the Class are Defendants; any parent, subsidiary, or affiliate of Defendants; any entity in which Defendants have or had a controlling interest, or which Defendants otherwise control or controlled; and any legal representative, predecessor, successor, or assignee of Defendants.

52.     This action satisfies the requirements for a class action under D.C. Super. Ct. R. Civ. P. 23.

53.     Though the exact number and identities of the Class Members are currently unknown, Plaintiffs believe that the proposed Class as described above consists of thousands of members and can be identified through Defendants' records. The Class is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable.

54.     Common questions of fact and law exist for each cause of action and predominate over questions affecting only individual Class Members. Common questions include, but are not limited to, the following:

   (a)     Whether the roadway at issue in this matter was a non-existent or improper work zone;

   (b)     Whether Plaintiffs and Class Members are entitled to a declaration that the Defendants' practice of issuing ATE violation notices that doubled the civil fines for this non-existent or improper work zone is unconstitutional (as applied) and all such notices are thus void;

   (c)     Whether Plaintiffs and Class Members are entitled to a declaration that the City's practice of issuing ATE violation notices that doubled the civil fines for this non-existent or improper work zone is unlawful under District of Columbia law and all such notices are thus void;

   (d)     Whether Plaintiffs and Class Members are entitled to an injunction preventing Defendants from collecting on and/or otherwise enforcing ATE violation notices that doubles the civil fines for this non-existent or improper work zone;

(e)    Whether Defendants' practice of issuing unlawful, unconstitutional and void ATE violation notices that doubled the civil fines for this non-existent or improperly established work zone resulted in Defendants unjustly retaining a benefit to the detriment of Plaintiffs and Class Members;

(f)    Whether Defendants' retention of this benefit violates the fundamental principles of justice, equity and good conscience, and;

(g)    Whether Plaintiffs and Class Members are entitled to damages.

55.    The claims asserted by Plaintiffs are typical of the claims of the Members of the Class they seek to represent because, among other things, Plaintiffs and Class Members sustained similar injuries as a result of Defendants' uniform wrongful conduct; Defendants owe the same duty to each Class Member; and Class Members' legal claims arise from the same conduct by Defendants.

56.    Plaintiffs will fairly and adequately protect the interests of the proposed Class. Plaintiffs' interests do not conflict with the Class Members' interests. Plaintiffs have retained class counsel experienced in class action litigation to prosecute this case on behalf of the Class.

57.    Prosecuting separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants.

58.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because Class Members number in the thousands and individual joinder is impracticable. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class Members to prosecute their claims individually. Trial of Plaintiffs' and Class Members' claims on a class basis, however, is manageable. Unless the Class is certified, Defendants will remain free to continue to engage in the wrongful conduct alleged herein without consequence.

59.     Certification of the Class, therefore, is appropriate under D.C. Super. Ct. R. Civ. P. 23(b)(3) because the above common questions of law or fact predominate over any questions affecting individual Class Members and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

60.     Certification of the Class is also appropriate under D.C. Super. Ct. R. Civ. P. 23(b)(2) because Defendants have acted, or have refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or equitable relief with respect to the Class as a whole.

61.     Certification of the Class is also appropriate under D.C. Super. Ct. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual Class Members would create a risk of establishing incompatible standards of conduct for Defendants.

62.     Defendants' wrongful actions, inactions, and omissions are generally applicable to the Class as a whole and, therefore, Plaintiffs also seek equitable remedies for the Class.

63.     Defendants' systemic policies and practices also make injunctive relief for the Class appropriate.

64.     Absent a class action, Defendants will retain the benefits of their wrongdoing despite their serious violations of the law and infliction of economic damages, injury, and harm on Plaintiffs and Class Members.

## COUNT I
## Unjust Enrichment

65.     Plaintiffs incorporate Paragraphs 1 through 64 above as if fully restated herein.

66.     Defendants have demanded and received doubled civil fines from Plaintiffs and other Class Members for alleged ATE violations that occurred in an alleged work zone.

67.     For the reasons set forth above, the doubled civil fines are unlawful and unconstitutional, as there were not multiple "signs" posted and there was no work zone.

68.     As a direct result, Defendants have collected civil fines from Plaintiffs and Class Members to which they were not entitled.

69.     Plaintiffs and Class Members conferred a benefit on Defendants, to wit: payment of an unlawful civil fine that is double the amount otherwise prescribed.

70.     Defendants had knowledge of the benefit, in that the Defendants themselves collected the unlawful civil fines.

71.     Defendants knowingly appreciated, accepted and retained the benefit conferred, (*i.e.*, the unlawful civil fine), which has resulted and continues to result in an inequity to Plaintiffs and Class Members.

72.     Defendants thus unjustly received and retained a benefit belonging to Plaintiffs and Class Members, who have therefore suffered a commensurate detriment constituting money damages.

73.     Defendants retention of this benefit violates the fundamental principles of justice, equity and good conscience, and the circumstances are such that it would be inequitable for the Defendants to retain the benefit of the unlawful civil fine.

74.     WHEREFORE, Plaintiffs pray that the Court:

(a)     Certify this case to proceed as a class action;

(b)     Award injunctive relief to stop the Defendants' conduct leading to Defendants' unjust enrichment;

(c)     Award Plaintiffs and Class Members damages in an amount to be determined herein, including pre- and post-judgment interest;

(d)     Grant an award of reasonable attorneys' fees and all expenses and costs of this action; and

(e)     Order such other and further relief as this Court deems equitable, just and proper.

## COUNT II
## Money Had and Received

75.     Plaintiffs incorporate Paragraphs 1 through 64 above as if fully restated herein.

76.     Defendants received money from Plaintiffs and putative Class Members.

77.     Defendants received money under the label of "civil fines" that were doubled due to an alleged work zone that was both non-existent, and that was not marked in accordance with the D.C. Code.

78.     Defendants had appreciated the benefit, in that the Defendants themselves received and retained the unlawful collection fee.

79.     The circumstances are such that Defendants should, in all fairness, be required to return the money to the Plaintiffs and putative Class Members, as there was no work zone as defined by D.C. Code § 50-2201.02(20) and the alleged work zone was not marked by multiple "signs" in accordance with D.C. Code § 50-2201.04c.

80.     WHEREFORE, Plaintiffs pray that the Court:

(a)     Certify this case to proceed as a class action;

(b)     Award injunctive relief to stop the Defendants' conduct leading to Defendants' unjust enrichment;

(c)     Award Plaintiffs and Class Members damages in an amount to be determined herein, including pre- and post-judgment interest;

(d)     Grant an award of reasonable attorneys' fees and all expenses and costs of this

action; and

(e)     Order such other and further relief as this Court deems equitable, just and

proper.

## COUNT III
### Violation of Protection Against Excessive Fines – U.S. Const. Amend. VIII.
### 42 U.S.C. § 1983

81.     Plaintiffs incorporate Paragraphs 1 through 64 above as if fully restated herein.

82.     Pursuant to statute, the Defendants are operating under the authority of the D.C.

Code when they collect doubled civil fines for ATE violations occurring in this alleged work

zone. Defendants retain such monies.

83.     The enforcement of the civil penalty assessments discussed above constitutes a

violation of the United States Constitution's Eighth Amendment's protection against excessive

fines. Plaintiffs and Class Members were assessed unlawful fines and penalties that bear no

relationship to the harm caused and are therefore unconstitutional.

84.     The imposition, collection, and retention of double civil fines for ATE violations

occurring in this alleged work zone is done to raise revenue for Defendants, and not for the

purpose of promoting public safety.

85.     As a direct and legal result of the acts and omissions of Defendants, acting under

the authority of the D.C. Code, Plaintiffs and Class Members have suffered damages, and/or are

entitled declaratory, injunctive relief and to restitution, in an amount to be proven at trial.

86.     WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiffs request that the Court

enter judgment in their favor and in favor of the class, against Defendants, for:

(a)     An order certifying this case to proceed as a class action;

  (b)  Injunctive relief to stop the Defendants' unlawful policies, procedures, practices and/or customs described above;

  (c)  Restitution of the doubled civil fine unlawfully collected and retained to the Plaintiffs and Class Members;

  (d)  Recovery of actual damages; and

  (e)  Pursuant to 42 U.S.C. § 1988, Plaintiffs further seek costs and attorneys' fees incurred as a result of this lawsuit.

**COUNT IV**
**Violation of Substantive Due Process – U.S. Const. Amend. XIV § 1.**
**42 U.S.C. § 1983**

87.  Plaintiffs incorporate Paragraphs 1 through 64 above as if fully restated herein.

88.  Plaintiffs and putative Class Members have a valid, protectable property interest in the payment of fines for traffic violations.

89.  By paying unlawful doubled civil fines assessed by Defendants for ATE violations occurring in this alleged work zone, Plaintiffs and Class Members were deprived of their valid, protectable property interest.

90.  Defendants are acting under color of state law and with authority delegated by the state, and have acted unreasonably, arbitrarily and irrationally in seeking, collecting and retaining doubled civil fines for ATE violations occurring in this alleged work zone.

91.  Defendants acted with improper purpose, in that the imposition, collecting, and retaining of doubled civil fines for ATE violations occurring in this alleged work zone was done to raise revenue, and not for any public safety purpose.

92.  Defendants' improper purpose (*i.e.*, to raise revenue under the pretext of public safety) is arbitrary and shocks the conscience.

93.     Defendants' deprivation of Plaintiffs' and Class Members' valid, protectable property interest for the improper purpose of raising revenue violates the United States Constitution's 14th Amendment substantive due process rights of Plaintiffs and Class Members.

94.     WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiffs request that the Court enter judgment in their favor and in favor of the class, against Defendants for:

(a)     An order certifying this case to proceed as a class action;

(b)     Injunctive relief to stop the Defendants' unlawful policies, procedures, practices and/or customs described above;

(c)     Restitution of the double civil fines unlawfully collected and retained to the putative Class;

(d)     Recovery of actual damages; and

(e)     Pursuant to 42 U.S.C. § 1988, Plaintiffs further seek costs and attorneys' fees incurred as a result of this lawsuit.

## COUNT V
## Declaratory and Injunctive Relief

95.     Plaintiffs incorporate Paragraphs 1 through 64 above as if fully restated herein.

96.     The Declaratory Judgment Act empowers the courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.

97.     As set forth above, the District's power to operate and enforce ATE systems is limited and must be in accordance with certain restrictions set forth in the D.C. Code. Despite this limitation, the District issued Plaintiffs and other Class Members ATE violation notices that do not comply with the requirements of D.C. Code §§ 50-2201.04c & 50-2201.02(20), in that the

civil fines were unlawfully doubled due to the non-existent or improperly marked work zone. All such violations are thus invalid and unenforceable.

98.    Plaintiffs seek a judgment declaring that the Defendants' practice of issuing ATE violation notices that doubled the civil fines for an alleged work zone that does not exist or that is improperly marked is unlawful under the D.C. Code and, therefore, that all such violations are void and unenforceable.

99.    Plaintiffs have a personal claim for the doubled civil fine that they paid which is capable of being affected and are entitled to the requested declaratory relief. As detailed above, this case presents an actual controversy that requires an immediate and definitive determination of the parties' rights.

100.    Plaintiffs possess a clearly ascertainable right to be free from the unlawful and unconstitutional actions set forth above and are currently in need of protection. As detailed above, Plaintiffs have raised a fair question concerning the existence of this right.

101.    There is a bona fide dispute as to the lawfulness and constitutionality of Defendants' imposing of doubled civil fines for this non-existent or improperly marked work zone, and the legal and equitable relationships between the parties, which have adverse interests to each other, are directly implicated.

102.    For the reasons set forth above, Plaintiffs have a likelihood of success on the merits by demonstrating that Defendants' practice of issuing ATE violation notices with doubled civil fines for this non-existent or improperly marked work zone is unlawful and unconstitutional.

103.    Plaintiffs and Class Members will suffer irreparable harm if an injunction is not granted. Defendants' unlawful and unconstitutional practice, including the collection of doubled

civil fines and penalties related thereto and the additional threats outlined above, is causing substantial, immediate, and continuing damage to Plaintiffs and Class Members. As a result, Plaintiffs and Class Members may suffer irreversible damage to their credit from threatened collection actions by the Defendants and the possible reporting of non-payment to credit agencies, be subject to vehicle immobilization or seizure and/or holds on vehicle registration renewal and suffer other harm and inconveniences as a result of the Defendants' unlawful and unconstitutional practice. There is no adequate remedy at law available to Plaintiffs and Class Members that would protect against the above harms.

104.    WHEREFORE, Plaintiffs pray that the Court:

(a)    Declare that the Defendants' practice of issuing ATE violation notices that doubled the civil fines for this non-existent or improperly marked work zone is unlawful or unconstitutional and, therefore, that all such violation notices are void and unenforceable;

(b)    Grant preliminary and permanent injunctive relief prohibiting the Defendants from collecting on and/or otherwise enforcing ATE violation notices that double the civil fines for this non-existent or improperly marked work zone;

(c)    Award Plaintiffs and Class Members damages in an amount to be determined herein, including pre- and post-judgment interest;

(d)    Grant an award of reasonable attorneys' fees and all expenses and costs of this action; and

(e)    Order such other and further relief as this Court deems equitable, just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues that may be tried and decided by jury.


Dated:  January 13, 2020                         Respectfully submitted,

**WHITFIELD BRYSON & MASON LLP**


*/s/ Danielle L. Perry*
Danielle L. Perry (DC Bar No. 1034960)
David K. Lietz (DC Bar No. 430557)
Gary E. Mason (DC Bar No. 418073)
John H. Bryson (*pro hac vice* pending)
5101 Wisconsin Avenue NW, Suite 305
Washington, D.C. 20016
Tel.: (202) 429-2290
Fax: (202) 429-2294
dperry@wbmllp.com
dlietz@wbmllp.com
gmason@wbmllp.com
hunter@wbmllp.com

*Attorneys for Plaintiffs and Class Members*

# EXHIBIT A



# DISTRICT OF COLUMBIA
## NOTICE OF INFRACTION

Mail Date:   11/19/2019

### REGISTERED OWNER INFORMATION

F109031745
TERESA LOUISE MATTHEWS
1306 MORNINGTON PL
CAPITOL HEIGHTS, MD  297433055

Your vehicle was photographed violating District of Columbia traffic regulations on the date and time listed below. Under District law, the registered owner of a vehicle is liable for payment of the fine for violations recorded using an automated traffic enforcement system.

**POINTS WILL NOT BE ASSESSED.**

**For information on photo enforcement technologies, please visit ddot.dc.gov/page/dc-streetsafe-automated-traffic-enforcement.**

If the ticket location includes (WZ) or (SZ), your fine has been doubled because the location is a work zone (WZ) or school zone (SZ).







### VIOLATION INFORMATION
Ticket Number:   F109031745
Issue Date:   11/08/2019      Issue Time:   11:56:33 AM
Violation Code:   T119
Description:   **SPEED 11-15 OVR LIMT**
Vehicle Tag:   MD 9BZ0077      Vehicle Make:   CADI
Vehicle Speed:   52mph      Posted Speed:   40mph
Location:   DC 295 .4mi s/o PA Ave SE sw/b (WZ)

On the back of this notice, you will find directions for answering this ticket. If you want to contest the ticket, penalty, or both do not pay the ticket until you receive your decision from DMV. Your answer to this ticket must be received by the payment due date listed below. Failure to pay the fine or contest the violation in the manner and time required is an admission of liability. This will result in additional penalties and the loss of your right to a hearing. For vehicles registered in the District of Columbia, the Department of Motor Vehicles will place a hold on the renewal of the owner's vehicle registration as long as the ticket is unpaid. Your vehicle may be immobilized or impounded if two or more unpaid tickets are on your record.

Detach and return this portion with your payment in the envelope provided,
or you may pay your ticket through the Internet at dmv.dc.gov

Ticket Number:   F109031745        Vehicle Tag:   MD 9BZ0077
Amount Due:   **$200.00**        Mail Date:   11/19/2019
Due Date:   **12/19/2019**

Amount Due After Due Date:   **$400.00**
Amount Paid: $ [                    ]

You can view full color versions of the images and video (if available) and deployment log (for speed violations) for this ticket at public.cite-web.com

### Citation Number:       Pin Number:
### 10903174                  275652533

0119323000055800100020000F109031745

# EXHIBIT B

**From:** washington-dc.fc-muni@conduent.com
**Sent:** Thursday, December 19, 2019 12:04 AM
**To:** rmatt78470@aol.com
**Subject:** DC DMV online ticket payment confirmation.

Thank you for your payment. Date: 12/19/2019
Time: 12:04 AM
Reference Number: 83170585
Type of Payment: Selected Items
Method: Visa
Credit Card: ********6065
Registration: MD9BZ0077
Document Number: MD9BZ0077
Document Type: Plate
Payment Details:

| Document Number | Document Amount |
|---|---|
| F109031745 | 200.00 |

Amount paid: 200.00

The District of Columbia's Department of Motor Vehicles has an online Ticket Alert
help you better manage your tickets. A TAS account will give you email notifications
activity on up to four vehicles and a single driver license. You can receive emails wh
reminder emails about ticket deadlines or penalties, and alerts if a vehicle is impou
information and register HERE

EXHIBIT C



# DISTRICT OF COLUMBIA
## NOTICE OF INFRACTION



Mail Date: 11/14/2019

## REGISTERED OWNER INFORMATION

ılıllıllılılılılıllıllıllılılılılıllılıllılılı
F109027043
REGINALD TERENCE MATTHEWS
1400 CONGRESS PL SE 102
WASHINGTON, DC 200202952

our vehicle was photographed violating District of Columbia traffic
gulations on the date and time listed below. Under District law, the
gistered owner of a vehicle is liable for payment of the fine for violations
corded using an automated traffic enforcement system.

**OINTS WILL NOT BE ASSESSED.**

or information on photo enforcement technologies, please visit
lot.dc.gov/page/dc-streetsafe-automated-traffic-enforcement.

the ticket location includes (WZ) or (SZ), your fine has been doubled
cause the location is a work zone (WZ) or school zone (SZ).





## VIOLATION INFORMATION

Ticket Number: F109027043
Issue Date: 11/08/2019      Issue Time: 10:43:46 AM
Violation Code: T119
Description: SPEED 11-15 OVR LIMT
Vehicle Tag: DC BIGMITN  Vehicle Make: AUDI
Vehicle Speed: 55mph    Posted Speed: 40mph
Location: DC 295 .4mi s/o PA Ave SE sw/b (WZ)

On the back of this notice you will find directions for answering this ticket. If you want
to contest the ticket, penalty, or both do not pay the ticket until you receive your
decision from DMV. Your answer to this ticket must be received by the payment due
date listed below. Failure to pay the fine or contest the violation in the manner and time
required is an admission of liability. This will result in additional penalties and the loss
of your right to a hearing. For vehicles registered in the District of Columbia, the
Department of Motor Vehicles will place a hold on the renewal of the owner's vehicle
registration as long as the ticket is unpaid. Your vehicle may be immobilized or
impounded if two or more unpaid tickets are on your record.

-------------------------------------------------------------------------------------------

Detach and return this portion with your payment in the envelope provided,
or you may pay your ticket through the Internet at: dmv.dc.gov

Ticket Number: F109027043         Vehicle Tag: DC BIGMITN
Amount Due: $200.00               Mail Date: 11/14/2019
Due Date: 12/14/2019

Amount Due After Due Date: $400.00

Amount Paid: $

You can view full color versions of the images and video
(if available) and deployment log (for speed violations)
for this ticket at: public.cite-web.com

Citation Number:         Pin Number:
**10902704**             **275115395**

ſl1193180002955001500200000F109027043

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

TERESA MATTHEWS and
REGINALD MATTHEWS, Individually
and on Behalf a Class of Persons Similarly Situated,

Case Number: __2020 CA 000284 B__

Date: __January 13, 2020__

vs

THE DISTRICT OF COLUMBIA and MURIEL BOWER,
Mayor of the District of Columbia (in her official capacity)

[X] One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>Danielle L. Perry | Relationship to Lawsuit |
| Firm Name:<br>Whitfield Bryson & Mason LLP | [X] Attorney for Plaintiff |
| Telephone No.:          Six digit Unified Bar No.:<br>202-429-2290                  I034960 | [ ] Self (Pro Se)<br>[ ] Other: _____ |

TYPE OF CASE: [ ] Non-Jury        [ ] 6 Person Jury        [X] 12 Person Jury

Demand: $_____        Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____  Judge: _____  Calendar #:_____

Case No.:_____  Judge: _____  Calendar#:_____

---

**NATURE OF SUIT:**     *(Check One Box Only)*

**A. CONTRACTS**                          **COLLECTION CASES**

[ ] 01 Breach of Contract          [ ] 14 Under $25,000 Pltf. Grants Consent   [ ] 16 Under $25,000 Consent Denied
[ ] 02 Breach of Warranty          [ ] 17 OVER $25,000 Pltf. Grants Consent   [ ] 18 OVER $25,000 Consent Denied
[ ] 06 Negotiable Instrument       [ ] 27 Insurance/Subrogation                [ ] 26 Insurance/Subrogation
[ ] 07 Personal Property                   Over $25,000 Pltf. Grants Consent          Over $25,000 Consent Denied
[ ] 13 Employment Discrimination   [ ] 07 Insurance/Subrogation                [ ] 34 Insurance/Subrogation
[ ] 15 Special Education Fees               Under $25,000 Pltf. Grants Consent         Under $25,000 Consent Denied
                                   [ ] 28 Motion to Confirm Arbitration
                                           Award (Collection Cases Only)

---

**B. PROPERTY TORTS**

[ ] 01 Automobile              [ ] 03 Destruction of Private Property    [ ] 05 Trespass
[ ] 02 Conversion              [ ] 04 Property Damage
[ ] 07 Shoplifting, D.C. Code § 27-102 (a)

---

**C. PERSONAL TORTS**

[ ] 01 Abuse of Process                  [ ] 10 Invasion of Privacy              [ ] 17 Personal Injury- (Not Automobile,
[ ] 02 Alienation of Affection           [ ] 11 Libel and Slander                        Not Malpractice)
[ ] 03 Assault and Battery               [ ] 12 Malicious Interference           [ ] 18 Wrongful Death (Not Malpractice)
[ ] 04 Automobile- Personal Injury       [ ] 13 Malicious Prosecution            [ ] 19 Wrongful Eviction
[ ] 05 Deceit (Misrepresentation)        [ ] 14 Malpractice Legal                [ ] 20 Friendly Suit
[ ] 06 False Accusation                  [ ] 15 Malpractice Medical (Including Wrongful Death)   [ ] 21 Asbestos
[ ] 07 False Arrest                      [ ] 16 Negligence- (Not Automobile,     [ ] 22 Toxic/Mass Torts
[ ] 08 Fraud                                     Not Malpractice)               [ ] 23 Tobacco
                                                                                [ ] 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE        IF USED

# Information Sheet, Continued

**C. OTHERS** ☒

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 05 Ejectment
☐ 09 Special Writ/Warrants
　　(DC Code § 11-941)
☐ 10  Traffic Adjudication
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☐ 16 Declaratory Judgment

☐ 17 Merit Personnel Act (OEA)
　　(D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability

☐ 24 Application to Confirm, Modify,
　　Vacate Arbitration Award (DC Code § 16-4401)
☐ 29 Merit Personnel Act (OHR)
☐ 31 Housing Code Regulations
☐ 32 Qui Tam
☐ 33 Whistleblower

☒ D.C. Code §§ 50–2209.01-50.2209.04
& 50.2209.11 (2001)

☒ 42 U.S.C. § 1983

**II.**

☐ 03 Change of Name
☐ 06 Foreign Judgment/Domestic
☐ 08 Foreign Judgment/International
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
　　Certificate
☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
☐ 27 Petition for Civil Asset Forfeiture (Currency)
☐ 28 Petition for Civil Asset Forfeiture (Other)

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
　　Judgment [ D.C. Code §
　　2-1802.03 (h) or 32-151 9 (a)]
☐ 20 Master Meter (D.C. Code §
　　42-3301, et seq.)

☐ 21 Petition for Subpoena
　　[Rule 28-I (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27(a)(1)
　　(Perpetuate Testimony)
☐ 24 Petition for Structured Settlement
☐ 25 Petition for Liquidation

**D.  REAL PROPERTY**

☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☐ 04 Condemnation (Eminent Domain)
☐ 10 Mortgage Foreclosure/Judicial Sale
☐ 11 Petition for Civil Asset Forfeiture (RP)

☐ 08 Quiet Title
☐ 25 Liens: Tax / Water Consent Granted
☐ 30 Liens: Tax / Water Consent Denied
☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____/s/ Danielle L. Perry_____　　　　_____January 13, 2020_____
Attorney's Signature　　　　　　　　　　　　　Date

Superior Court of the District of Columbia
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

TERESA MATTHEWS and REGINALD MATTHEWS,
Individually and on Behalf of a Class of Persons Similarly Situated,
_____
Plaintiff

vs.

Case Number     **2020 CA 000284 B**

THE DISTRICT OF COLUMBIA
..................................................................................
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Danielle L. Perry
_____
Name of Plaintiff's Attorney

Whitfield Bryson & Mason LLP
_____
Address

5101 Wisconsin Ave. NW, Ste. 305, Washington, DC 20016

202-429-2290
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date     **01/14/2020**

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주세요     ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]

Super. Ct. Civ. R. 4

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

TERESA MATTHEWS and REGINALD MATTHEWS,
Individually and on Behalf of a Class of Persons Similarly Situated,
_____ Plaintiff

vs.

MURIEL BOWSER, Mayor of the District of Columbia
(in her official capacity),_____
_____ Defendant

Case Number _____ **2020 CA 000284 B**

**SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Danielle L. Perry
_____
Name of Plaintiff's Attorney

Whitfield Bryson & Mason LLP
_____
Address
5101 Wisconsin Ave. NW, Ste. 305, Washington, DC 20016

202-429-2290
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date _____ **01/14/2020**

如需翻译, 请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202)879-4828로 전화주세요         የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ።

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

TERESA MATTHEWS et al
    Vs.                         C.A. No.     2020 CA 000284 B
THE DISTRICT OF COLUMBIA et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                     Chief Judge Robert E. Morin

Case Assigned to: Judge HIRAM E PUIG-LUGO
Date:  January 14, 2020
Initial Conference: 9:30 am, Friday, April 17, 2020
Location:    Courtroom 317
               500 Indiana Avenue N.W.
               WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

CAIO-60