UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERESA MATTHEWS, *individually and on behalf of a class of persons similarly situated, et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> *Defendants.* | No. 20-cv-595 (DLF) |

**MEMORANDUM OPINION**

Plaintiffs bring this putative class action against the District of Columbia (the District) and its Mayor. Before the Court is the District's Motion to Dismiss. Dkt. 13. For the reasons that follow, the Court will grant the motion as to the federal claims and decline to exercise supplemental jurisdiction over the state law claims.

**I.    BACKGROUND**

Plaintiffs are seven individuals who allege that the District designated a stretch of Interstate 295 as a construction zone even though there was no construction in the area. *See generally* Am. Compl, Dkt. 11. As a result, the District doubled the speeding fine for drivers caught on one of three speed cameras placed along this stretch of highway. *Id.* ¶ 41. In addition to doubling the fine, the District lowered the speed limit from the usual fifty miles per hour to forty miles per hour. *Id.* ¶¶ 79, 81. To warn drivers of the decreased speed and increased fine, the District posted only a single permanent signpost, *id.* ¶ 26, despite the fact that additional signage is required by statute, *see* D.C. Code § 50-2201.04c(b). In addition, there were no traffic cones, flaggers, or any other signs of construction work in sight. Am. Compl. ¶ 145. Although

several of the plaintiffs were ultimately not fined, those who were paid $200 after being caught driving over fifty miles per hour in the forty miles per hour zone. *See, e.g., id.* ¶ 139. The plaintiffs allege that the District designated this false construction zone as a speed trap to generate revenue. *See id.* ¶ 1. And they allege that the District has a persistent and widespread practice and custom of using its automated traffic enforcement system for this purpose. *See id.* ¶¶ 1, 47.

The plaintiffs first brought suit in the Superior Court of the District of Columbia under 28 U.S.C. § 1983 and state law, alleging that the District: (1) violated the Excessive Fines Clause; (2) violated their substantive due process rights; (3) was unjustly enriched; and (4) owes money had and received. *See* Notice of Removal, Dkt. 1; Am. Compl. The District then removed the case to federal court, invoking the Court's federal question jurisdiction over the § 1983 claims and supplemental jurisdiction over the related state law claims. *See* Notice of Removal; 28 U.S.C. §§ 1441, 1446. Once before this Court, the District filed a motion to dismiss raising both jurisdictional and merits arguments. *See* Defs.' Mot. to Dismiss.

## II.  LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim over which the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When ruling on a Rule 12(b)(1) motion, the court must treat the plaintiff's factual allegations as true and afford the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Jeong Seon Han v. Lynch*, 223 F. Supp. 3d 95, 103 (D.D.C. 2016) (internal quotation marks omitted). "Because Rule 12(b)(1) concerns a court's ability to hear a particular claim, the court must scrutinize the plaintiff's allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under a motion to dismiss pursuant to Rule 12(b)(6)." *Schmidt v. U.S. Capitol Police*

*Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011). If the court determines that it lacks jurisdiction, the court must dismiss the claim or action. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not amount to a specific probability requirement, but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 557 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

A plaintiff's well-pleaded factual allegations are "entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 679, and the court construes the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted). However, an "unadorned, the defendant-unlawfully-harmed-me accusation" is not credited and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

### III.  ANALYSIS

#### A.  Subject Matter Jurisdiction

Federal courts are courts of limited subject matter jurisdiction, *see* U.S. Const. art. III, § 2, and it is "presumed that a cause lies outside this limited jurisdiction," *Kokkonen v. Guardian*

*Life Ins. Co.*, 511 U.S. 375, 377 (1994).  To present a justiciable case or controversy, the party invoking federal jurisdiction must demonstrate standing to sue, among other requirements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  And any "defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).  "To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal quotation marks omitted).

The District argues that all of the plaintiffs lack standing to assert claims for declaratory and injunctive relief and that certain plaintiffs lack standing to assert any claims.  *See* Defs.' Mot. to Dismiss.

       1.     *Declaratory and Injunctive Relief*

Claims for declaratory or injunctive relief carry "a significantly more rigorous burden to establish standing." *Swanson Grp. Mfg. LLC v. Jewell*, 790 F.3d 235, 240 (D.C. Cir. 2015) (internal quotation marks omitted).  That is because when "plaintiffs seek declaratory and injunctive relief, past injuries alone are insufficient to establish standing." *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011).  Instead, a plaintiff must face an "ongoing injury" or "immediate threat of injury." *Id.*

The plaintiffs have made no such showing here.  Although the plaintiffs allege that Reginald Matthews and Teresa Matthews drive on I-295 every day, *see* Am. Compl. ¶¶ 101, 121, they do not allege that any one of them will drive past the single remaining camera in the future,[1] *see generally id.*  And the court cannot assume, for the purposes of assessing standing, that a

---

[1] In early 2019, three speed cameras operated in the wrongfully designated construction zone, fining drivers a higher amount for exceeding a lower speed limit.  Am. Compl. ¶¶ 76–150.  Subsequently, however, the District recalibrated two of those cameras. *Id.* ¶¶ 90, 208.

4

plaintiff who has violated the law in the past will violate the law again. *See Hedgepath v. Wash. Metropolitan Area Transit Auth.*, 386 F.3d 1148, 1152 (D.C. Cir. 2004) (Roberts, J.); *see also City of L.A. v. Lyons*, 461 U.S. 95, 105 (1983) (holding that plaintiff was not entitled to prospective relief because he did not show that he would likely be arrested and subjected to illegal procedures again). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).

Even so, the plaintiffs argue that they have standing to bring claims for declaratory and injunctive relief because they may face the threat of a collections action if they choose not to pay their fines. *See* Am. Compl. ¶ 215 ("Plaintiffs and Class Members *may* suffer irreversible damage to their credit from threatened collection actions by the Defendant and the *possible* reporting of non-payment to credit agencies, be subject to vehicle immobilization or seizure and/or holds on vehicle registration renewal and suffer other harm and inconveniences as a result of the Defendant's unlawful and unconstitutional practice." (emphasis added)). The plaintiffs do not allege that they are unable to pay their fines. *See generally* Am. Compl. This *possible* future injury is too remote to be "certainly impending." *Clapper*, 568 U.S. at 409.

Further, the plaintiffs invoke two mootness exceptions: the doctrine concerning actions that are capable of repetition yet evading review, *see, e.g.*, *Lyons*, 461 U.S. at 109, and the principle that a defendant's voluntary cessation of unlawful conduct does not always bar an injunction, *id.* But mootness has not been raised here, and "standing admits of no similar exception" to the capable of repetition yet evading review doctrine. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. Inc.*, 528 U.S. 167, 191 (2000). "If a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitle the complainant to a federal judicial forum." *Id.* And even if the cessation of

5

voluntary action doctrine did apply, the fact that the defendants may create similar speed traps in the future, *see* Pl.'s Opp'n at 10–11, Dkt. 15, is too remote to create an injury-in-fact, *Clapper*, 568 U.S. at 409.

Based on the allegations in this complaint, the plaintiffs have not met the high threshold for establishing an ongoing or imminent future injury. Thus, they lack standing to bring claims for declaratory and injunctive relief.[2]

2. *Standing Over the Remaining Claims*

The parties disagree about whether all of the plaintiffs have standing to bring the remaining claims. *See e.g.*, Mot. to Dismiss at 12–13; Pls.' Opp'n at 8–9, Dkt. 15. There is no question, however, that "[a]t least one plaintiff" has standing, which is sufficient for the remaining claims to survive the standing inquiry. *See Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017); *see also* Mot. to Dismiss at 1. Take Dmitriy Bekker, for example, who received and paid the $200 citation that emanated from one of the construction zone speed cameras. Am. Compl. ¶¶ 131, 138, 149. Bekker suffered an injury that is both fairly traceable to the District's actions and redressable by a favorable judicial decision. *See Lujan*, 504 U.S. at 560. With at least one plaintiff having standing to bring the remaining claims, it is proper to proceed the merits.[3]

---

[2] In their briefs, the plaintiffs argue that the Court should remand the case back to state court if it lacks subject-matter jurisdiction over any claims. But the D.C. Circuit considered and rejected an identical argument in *Shaw v. Marriott International, Inc.* where it held that a "federal court may hear the claims for which federal jurisdiction exists." 605 F.3d 1039, 1044 (D.C. Cir. 2010).

[3] For the first time during the hearing on the motion to dismiss, the District raised the argument that Bekker's claims are not ripe because "there has been no final adjudication of [his] liability, and therefore, imposition of the $200 fine is not certainly impending." *See* Defs.' Supp. Mem., Dkt. 21 at 5 (internal quotation marks omitted). This argument cannot prevail, however, because there *was* a determination of Bekker's liability, *see* Hearing Record (Ex. I), Dkt. 11-9 (hearing

6

**B.     Rule 12(b)(6)**

The plaintiffs bring two claims under 28 U.S.C. § 1983. They allege that the District violated the Excessive Fines Clause of the Eighth Amendment and their substantive due process rights under the Fourteenth Amendment by lowering the speed limit and doubling fines. Because the Fourteenth Amendment's Due Process Clause does not apply to the District of Columbia, however, the Court will construe this claim as alleging a due process violation under the Fifth Amendment. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

1.     *Excessive Fines*

The Eighth Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed . . . ." U.S. Const., amend. VIII. The Supreme Court has "explained that at the time the Constitution was adopted, the word fine was understood to mean a payment to a sovereign as punishment for some offense." *United States v. Bajakajian*, 524 U.S. 321, 327–28 (1998) (internal quotation marks omitted). "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." *Id.* at 334. "If the amount of the forfeiture is grossly disproportional to the gravity of the defendant's offense, it is unconstitutional." *Id.* at 337. In sum, "[o]ur analysis under the Excessive Fines Clause entails two steps: (1) determining whether the government extracted payments for the purpose of

---

officer listed the conclusion of law as "liable"), and the fine *was* actually imposed, Am. Compl. ¶ 139. Indeed, Bekker has already paid it. *Id.* ¶ 149. "Eighth Amendment challenges are generally not ripe until the imposition, or immediately impending imposition, of a challenged punishment or fine." *Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995). Here, where the fine has already been imposed and paid, the claim is ripe for review.

punishment; and (2) assessing whether the extraction was excessive.  The first step determines whether the Excessive Fines Clause applies, and the second determines if the Clause was violated." *United States v. Bikundi*, 926 F.3d 761, 795 (D.C. Cir. 2019) (internal quotation marks omitted).

As an initial matter, this is not a typical excessive fines claim, as the plaintiffs do not simply argue that the amount of the fine was excessive.  Rather, they argue there was no justification for the District to impose any fine at all.  *See* Pl.'s Opp'n at 1–2.  This is because there was no actual construction zone in operation for long periods of time.  *See, e.g.*, Am. Compl. ¶¶ 24–31.  And the District does not issue camera tickets to drivers who speed less than ten miles per hour over the speed limit.  *Id.* ¶ 80.

That said, the plaintiffs have not plausibly alleged that the fine was so "grossly disproportionate" as to be unconstitutionally excessive.  *Bikundi*, 926 F.3d at 795.  For one, the plaintiffs could have been subject to a fine for violating the regular fifty miles per hour speed limit even if the District had not designated the area a construction zone.  *See* Pl.'s Opp'n at 19; *see, e.g.*, Am. Compl. ¶ 103.  It is true that the District generally exercises its discretion not to enforce the speed limit for violations less than ten miles per hour over the speed limit.  *See id.* ¶ 101.  But that does not change the fact that the plaintiffs exceeded the usual speed limit and that a fine of at least $50 was authorized by law.  *See* D.C. Mun. Regs. tit. 18, § 2600 (authorizing a $50 fine for "[u]p to 10 mph in excess of limit").  And in the end, a $200 fine for speeding is not so "grossly disproportionate," *Bikundi*, 926 F.3d at 795, as to be unconstitutionally excessive. *See Mills v. City of Grand Forks*, 614 F.3d 495, 501 (8th Cir. 2010) (traffic fine of *five* times the maximum authorized under state law was not unconstitutionally excessive).

8

The Seventh Circuit's decision in *Towers v. City of Chicago*, 173 F.3d 619 (7th Cir. 1999), is instructive here. In that case, the Court considered whether a $500 fine imposed on owners of vehicles containing unlawful items was excessive. *Id.* at 620–21. The plaintiffs claimed that they had no knowledge that any illegal items were being stored in their vehicles. *Id.* at 624–25. Nonetheless, the circuit found that a $500 fine was not excessive, in part because the plaintiffs were not "completely lacking in culpability." *Id.* at 625. Further, while the court recognized that "[f]ive hundred dollars is not a trifling sum[,] . . . the City, in fixing the amount, was entitled to take into consideration that the ordinances must perform a deterrent function." *Id.* at 626. The $500 ticket was thus not grossly disproportionate to the underlying conduct. *Id.* Here too, "[t]here is no question that D.C. has a legitimate interest in deterring speeding to ensure public safety." *Dixon v. District of Columbia*, 666 F.3d 1337, 1342 (D.C. Cir. 2011). Because the $200 fine was not grossly disproportionate to that purpose or the speeding offense, the Court will dismiss count III.

    2.    *Substantive Due Process*

The plaintiffs also cannot state a claim for a violation of substantive due process because "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994)); *see also Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 541 (D.C. Cir. 2015) (holding that because the plaintiff's "claim of illegal seizure is cognizable under the Fourth Amendment," it "therefore cannot proceed under the doctrine of substantive due process"). A claim need only be *cognizable* under a more specific Amendment to preclude

protection under general notions of substantive due process—the claim need not actually succeed under the more specific Amendment for this rule to apply. *See id.* Because the Eighth Amendment's protection against excessive fines provides "an explicit textual source of constitutional protection," *Lewis*, 523 U.S. at 842, "the more generalized notion of substantive due process" cannot provide a basis for relief here, *id*. The Court will therefore dismiss count IV.

### 3.     *Unjust Enrichment and Money Had and Received*

Finally, plaintiffs bring state law claims for unjust enrichment and money had and received. "Unjust enrichment occurs when a person retains a benefit (usually money) which in justice and equity belongs to another." *4934, Inc. v. District of Columbia Dep't of Emp. Servs.*, 605 A.2d 50, 55 (D.C. 1992). Money had and received is a common law theory similar to unjust enrichment. *See Bates v. Nw. Human. Servs., Inc.* 466 F. Supp. 2d 69, 102–03 (D.D.C. 2006) (analyzing a money had and received claim as if one for unjust enrichment).

When a court dismisses all federal claims in a suit, it has the discretion under 28 U.S.C. § 1367(a) to exercise—or decline to exercise—supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Trimble v. District of Columbia*, 779 F. Supp. 2d 54, 60 (D.D.C. 2011) (dismissing all federal claims and declining to exercise supplemental jurisdiction over remaining state-law claims). In exercising this discretion, courts consider "judicial economy, convenience and fairness to litigants." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see*

*also Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1267 (D.C. Cir. 1995).

Whether or not an allegedly wrongful traffic fine could fit within the claim of unjust enrichment or money had and received appears to be matters of first impression in D.C. law. Given the early posture of this case, and out of deference to the development of state law, the Court will decline to exercise supplemental jurisdiction over these claims. Accordingly, the Court will dismiss counts III and IV of the complaint with prejudice, but dismiss counts I and II without prejudice. The plaintiffs may pursue these and any other viable state law claims in state court.[4]

## CONCLUSION

For the foregoing reasons, the Court will dismiss the federal law claims and decline to exercise supplemental jurisdiction over the state law claims in counts I and II, dismissing the latter set of claims without prejudice. In light of that disposition, the motion to dismiss is granted. A separate order consistent with this decision accompanies this memorandum opinion.

                                                                                            DABNEY L. FRIEDRICH
                                                                                            United States District Judge

December 15, 2020

---

[4] Because the case is fully resolved on the above grounds, the Court need not consider defendant's alternative arguments that the claims are barred by estoppel principles, *see, e.g.*, Mot. to Dismiss at 29, or that the District is insulated from municipal liability by *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690–91 (1978), *id.* at 26.